IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT

2010 NOV -2 AM 10: 27

CLERK
SO. DIST. OF GA.

MARION ALSTON,

    Petitioner,

v.

MARTY ALLEN, Warden,

    Respondent.

CIVIL ACTION NO.: CV210-077

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Marion Alston ("Alston"), who is currently incarcerated at Dodge State Prison in Chester, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed an Answer-Response, and Alston filed a Reply.

## STATEMENT OF THE CASE

In December 1998, Alston was charged with two counts of aggravated assault. (Doc. No. 9-5, p. 59). At a jury trial in March 1999, Petitioner was found guilty of one count of aggravated assault. (Id. at 127). He was initially sentenced to twenty years' imprisonment. (Id. at 128). After his trial, Alston hired new counsel and filed a motion for new trial, raising claims of ineffective assistance of counsel. (Doc. No. 9-6, pp. 6-9). The trial court denied the motion and Alston appealed. (See Doc. No. 9-6, p. 23). On appeal, Alston enumerated three errors: (1) trial counsel was ineffective when he withdrew the request to charge on justification; (2) trial counsel was ineffective in failing to request a charge on reckless conduct as a lesser-included offense; and (3) the trial

court should have given a justification instruction *sua sponte*. (Id. at p. 28). The Court of Appeals found the claims lacked merit, and affirmed Alston's conviction and sentence. Alston v. State, 277 Ga. App. 117 (2005).

In September 2006 Petitioner filed a state habeas corpus petition, challenging this aggravated assault conviction and sentence and raising two grounds (albeit, with multiple subparts): that trial counsel and appellate counsel were ineffective. (Doc. No. 9-1). Evidentiary hearings were held in December 2006 and August 2008. In August 2009, the state habeas corpus court denied relief. (Doc. No. 9-2). The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal in March 2010. (Doc. No 9-3).

In his current § 2254 petition, Alston asserts that he received ineffective assistance of counsel at both the trial and appellate level and that he has been deprived of a "full and fair" evidentiary hearing. ( Doc. No. 1). Respondent claims deference should be given to the state habeas court's conclusion that Alston received constitutionally adequate representation, that Alton's other ineffective assistance of counsel claims are procedurally barred, and that Alston's assertions concerning an evidentiary hearing fail to state a claim. (Doc. No. 7-1).

## DISCUSSION AND CITATION TO AUTHORITY

Petitioner's asserts he received ineffective assistance of trial counsel for the following reasons: trial counsel (1) failed to conduct an independent investigation; (2) failed to seek discovery until ten days before trial; (3) lacked time and resources to investigate the victim and her criminal and mental health history; (4) did not file a motion for funds for an investigator; (5) did not ask for a continuance so that he could have

more time to investigate; (6) did not contact New Jersey authorities about the victims background; (7) relied on the victim's state records instead of conducting an independent investigation; (8) did not obtain records of the victim's criminal history from the Hazelhurst Police Department; (9) did not interview state witnesses; (10) did not ask the court to compel the prosecution to turn over information about the victim's criminal background and New Jersey records, (11) made uninformed tactical decisions and failed to argue self-defense and justification; (12) was ill prepared, and was unable to elicit testimony supporting the theories of self-defense and justification; (13) did not request the victim' s medical records for use in impeachment, (14) did not have the Hazelhurst Police Department records available to impeach the victim, (15) prejudiced Alston by arguing that the incident was an accident.

Plaintiff asserts he received ineffective assistance of counsel on appeal because appellate counsel failed to: (1) thoroughly investigate the case in preparing the motion for a new trial; (2) did not argue trial counsel was ineffective for failing to obtain the victim's New Jersey criminal record; (3) did not contact authorities in New Jersey to verify the victim's records; (4) did not contact the Hazlehurst Police Department to obtain the victim's criminal record; (5) did not obtain the victim's New Jersey records, despite being given additional time; (6) abandoned Alston's stronger arguments already raised after trial for weaker grounds; (7) raised three frivolous and meritless issues on appeal; (8) abandoned the claims that trial counsel was ineffective for (a) questioning about uncharged conduct, (b) failing to produce copies of the victim's New Jersey criminal record, (c) failing to obtain the victim's medical records to show she was intoxicated at the time of the incident, (d) failing to present testimony from witnesses

about the victim's propensity to use a butcher knife; (9) failed to assert that trial counsel was ineffective for not filing a timely motion for a new trial or notice of appeal; (10) failed to raise a claim of "inordinate delay" between the trial and the motion for a new trial hearing; (11) failed to realize that the court would need to resentence Alston or grant an out-of-time appeal before counsel could amend the motion for a new trial; (12) did not realize that the trial judge had represented Alston before, that Alston still owed the judge money, and the judge should have recused himself; (13) did not realize that the first post-trial attorney failed to timely raise claims of ineffective assistance of trial counsel, (14) did not realize that amending the motion for a new trial was a "frivolous gesture." (Doc. No. 1).

## I. Procedural Default

A district court is required to dismiss federal habeas claims that a petitioner has a right to raise, by any available procedure, in state court. See 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). While "a verbatim restatement of the claims brought in state court" is not required, "a petitioner [must have] presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal citation and punctuation

omitted). A petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. Id. at 1305 ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent" state procedural grounds[1], the district court is precluded from later reviewing the merits of the claim on collateral attack. Payne v. Allen, 539 F.3d 1297, 1313 (11th Cir. 2008).

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as [providing] no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). Simply put, if a claim has not been "fairly presented in the state

---

[1] A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies a three-part test. "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, i.e., it must not be applied in an arbitrary or unprecedented fashion." Judd, 250 F.3d at 1313 (internal quotations and citations omitted).

courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Notably, Georgia law requires state habeas petitioners to raise all available grounds for relief in an original or amended habeas petition. O.C.G.A. § 9-14-51. Under § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

The Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met: A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice. Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman, 501 U.S. at 753. The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

The state habeas court found that all but one (claim eleven) of Alston's claims of trial counsel's ineffective assistance were procedurally defaulted under O.C.G.A. § 9-14-48(d), as they were not raised post-trial and on direct appeal when Petitioner raised other claims about trial counsel. (Doc. No. 9-2, pp. 6-8). This Court defers to these specific findings of default and declines to review the merits of those issues. Half of Alston's claims concerning ineffective assistance of appellate counsel are also procedurally defaulted: claims four (4) and nine through fourteen (9-14). Alston failed to show cause for his failure to bring these claims in his original state habeas corpus petition. Alston also fails to satisfy the "fundamental miscarriage of justice" exception.

## II. Claims Addressed in the State Habeas Proceeding

The remaining claims were raised in Alston's state habeas petition. The state habeas court found that Alston's claims concerning both his trial and appellate counsel lacked merit under Strickland v. Washington, 466 U.S. 668 (1984).

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States

Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 390 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. This standard "forecloses relief unless" the state court's merits adjudication of the constitutional claim is either contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent, or is an unreasonable determination of the facts. Early v. Packer, 537 U.S. 3, 7 (2002). "Where . . . the state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). A federal court may not simply substitute its judgment for that of the state court. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002).

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent in analyzing ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313. Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions

in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.

In addressing Alston's claim that trial counsel improperly abandoned the theories of self-defense and justification, the Court of Appeals applied the Strickland standard and found the claim lacked merit. Alston, 277 Ga. App. at 117. The Court noted that Alston's trial testimony did not support a justification charge and that Alston failed to establish prejudice, since he had not shown that there was a reasonable probability that the result of the proceeding would have been different. Id. at 117-18.

The state habeas court also applied the Strickland standard to Alston's claims concerning his appellate counsel. The court found that Alston's appellate counsel was an experienced attorney who took over the case after his partner, Alston's former appellate counsel, died; that he reviewed the trial transcript and trial counsel's file, raised a host of issues post-trial but expected to winnow them for appeal, communicated with Petitioner by mail and discussed with Petitioner the claims he was going to raise, discussed the case with trial counsel, and raised every claim on appeal that he thought had merit. (Doc. No. 9-2, pp. 9-10). He saw no viable issues to raise

regarding the victim's purported New Jersey conviction, Petitioner was given wide latitude at trial in exploring the victim's past, and the incident reports from the local police did not mention any convictions from New Jersey. (Id.). Petitioner has not shown that the state court's decision is unreasonable, as the court applied the applicable sixth amendment standard and the decision is a reasonable determination of the facts as to the issues raised.

## III. Ground Three

In ground three Alston alleges he has "consistently been denied/deprived of a full and fair evidentiary hearing" as the state habeas court "erred" in denying relief on his appellate counsel ineffective assistance claims. (Doc. No. 1, pp. 22-31). This ground fails to state a claim for relief, as alleged infirmities in state collateral attacks are not bases on which federal habeas corpus relief may be granted. Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir. 2004).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that claim eleven of Alston's ineffective trial counsel ground, claims four and 9-14 of Alston's ineffective appellate counsel ground, and ground three of Alston's petition be **DISMISSED**. Alston's remaining claims should be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of November, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE